## IN THE COURT OF APPEALS OF IOWA

No. 18-1901
Filed July 24, 2019

**IN THE INTEREST OF C.M.,**
**Minor Child,**

**A.M., Father,**
      Appellant.

_____

Appeal from the Iowa District Court for Benton County, Barbara H. Liesveld, District Associate Judge.

The father appeals the termination of his parental rights for his child. **AFFIRMED.**

Geneva L. Williams of Williams Law Office, PLLC, Cedar Rapids, for appellant father.

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellee mother.

Anne Katherine Wilson, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

The juvenile court terminated the father's parental rights to his child, C.M., in a private termination proceeding. On appeal, the father argues (1) the mother failed to establish abandonment under Iowa Code section 600A.8(3)(b) (2018) and (2) termination is not in C.M.'s best interest. We affirm.

## I.  Background Facts and Proceedings

The Iowa Department of Human Services (DHS) was previously involved with this family due to the parents' substance-abuse and domestic-violence issues. Their child, C.M., born in December 2014, was placed in foster care. Ultimately, the parents separated, and the mother complied with treatment. DHS closed the case and returned C.M. to the mother's custody.

Since the closure of the DHS case, the father has failed to maintain any relationship with C.M. He has been incarcerated periodically and continued to use drugs. The father has not seen C.M. since July 2017.

In March 2018, the mother filed a petition for private termination. She alleged the father abandoned C.M. and his parental rights should be terminated under Iowa Code section 600A.8.

On August 28, the juvenile court heard evidence on the mother's petition. The juvenile court then issued an order terminating the father's parental rights. The father now appeals.

## II.  Standard of Review

"We review private termination proceedings de novo." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). "We give deference to the factual findings

of the juvenile court, especially those relating to witness credibility, but we are not bound by those determinations." *Id.*

## III. Analysis

### A. Abandonment

"In a private termination proceeding, the petitioner[] must establish by clear and convincing evidence the statutory ground . . . authorizing the termination of parental rights." *In re T.S.*, No. 15-0443, 2015 WL 5311413, at *1 (Iowa Ct. App. Sept. 10, 2015). Abandonment is one of the statutory grounds for ordering termination. Iowa Code § 600A.8(3). Iowa Code section 600A.8(3)(b) provides,

> [A] parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount . . . and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

In this case, the father testified that he did not abandon C.M. Although he admitted to not visiting C.M. regularly, he claimed it was because his "drug addiction kind of took over" and he wanted to shield C.M. from seeing her father "waste away." Nevertheless, the juvenile court found abandonment had been established and stated,

> [The father] has a criminal history that includes drug, alcohol and domestic violence convictions. He has been in and out of jail for most

of [C.M.]'s life. [The father] has not maintained contact with [C.M.] through cards, letters, or gifts. [The father] has always known how to contact [the mother] either directly or through her family. . . . [The father] has not had regular contact with the child since July of 2017. During the Child in Need of Assistance case, his interactions with [C.M.] were fully supervised. At one point, his interactions were suspended due to missing scheduled interactions. [C.M.] has no bond with her father.

On appeal, the father argues the evidence does not support the juvenile court's finding of abandonment.[1] We disagree. The father has not seen C.M. since a supervised visit with DHS over a year ago. He admits he has not contacted C.M. or the mother in any manner for more than a year. He testified he could have contacted the mother but chose not to do so. Despite being ordered to provide financial support, the father has failed to do so. The mother estimates she is owed $35,000. Moreover, the father has not sent any cards, letters, or gifts.

While the father claims he wanted to shield C.M. from his addiction, good intentions do not justify or overcome his failure to maintain a relationship with his child. *See G.A.*, 826 N.W.2d at 129 ("The father must take personal responsibility for his own wrongful and criminal acts, and cannot use such acts as a justification for his lack of relationship with the child."). We find there is clear and convincing evidence to establish the father abandoned C.M. under Iowa Code section 600A.8(3)(b).

---

[1] As the mother points out, the father violated Iowa Rule of Appellate Procedure 6.903(2)(f) by failing to provide record citations to support the allegations of fact in his brief. Therefore, we decline "to search the record to verify the facts" the father asserts. *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 866 (Iowa 2001). We disregard his unsupported contentions. *See id.*

**B. Best-Interest Analysis**

The father also argues termination is not in C.M.'s best interest. He claims there is a parent-child bond and "C.M. will benefit from having a relationship with her father now that he can be a sober and safe caregiver."

The child's best interest is the "paramount consideration" when determining whether to terminate. Iowa Code § 600A.1(1). Iowa Code section 600A.1(2) provides,

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

We find it is in C.M.'s best interest to terminate the father's parental rights. *See In re A.C.W.*, No. 18-0287, 2018 WL 4923172, at *3 (Iowa Ct. App. Oct. 10, 2018). As previously discussed, the father has not provided financial support. He has not demonstrated a continued interest in C.M. He has not demonstrated a "genuine effort to maintain communication." *See* Iowa Code § 600A.1(2). He has not attempted to maintain contact with C.M. or the mother although he could have. Moreover, as the juvenile court observed, C.M. has no bond with her father. Conversely, the mother is able to support all of C.M.'s needs. Therefore, we find termination was appropriate.

**IV. Conclusion**

The juvenile court properly terminated the father's parental rights.

**AFFIRMED.**